IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY and AMERICAN NATIONAL GENERAL INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 08-00198-CG-M ) |
| WESLEY M. HOLSTON, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the motion of defendant, Karen Phelps, to dismiss (Doc. 14), plaintiffs' opposition thereto (Doc. 23), the motion of defendant, Jesse Phelps, to dismiss (Doc. 25), and plaintiffs' opposition thereto (Doc. 29). The court finds that defendants have not demonstrated that res judicata or laches requires dismissal of this case and have not shown that abstention is appropriate. Therefore, defendants' motions to dismiss are due to be denied.

## A. BACKGROUND

This action seeks a declaratory judgment as to insurance coverage regarding an automobile accident that occurred on July 8, 2006. Karen and Jesse Phelps filed an action in state court alleging that Wesley M. Holston negligently and/or wantonly caused the accident resulting in the deaths of Sadie Phelps and Lindsey Phelps and injuring Tristin Phelps and Jesse Phelps, Jr.. Wesley Holston's parents were also named as defendants in the state court action.

1

The plaintiffs in the current action filed a prior action in this court seeking a declaratory judgment regarding insurance coverage for the same auto accident, <u>American National Property and Casualty Co. et al., v. Joseph T. Holston, et al.</u>, CV 06-839-CG-B. This prior federal action was dismissed because there was no justiciable controversy to justify a declaratory judgment because the action only named as defendants parties that had been dismissed from the underlying state court action. There was neither a judgment, nor a pending state court action pending against the named defendants. The prior federal action did not name Wesley M. Holston as a defendant and did not seek to determine liability regarding potential judgments obtained against Wesley M. Holston.[1] The court found that Wesley M. Holston was the only party with which a current dispute regarding insurance coverage existed.

Plaintiffs filed the current action, on April 17, 2008, again seeking a declaration of the obligations with regard to the insurance policies, but including Wesley M. Holston as a defendant. Default was entered in this case against defendant Wesley M Holston on July 1, 2008, and plaintiffs have moved for default judgment. (Docs. 17, 18). Wesley M. Holston has reportedly also defaulted in the state court action and the Phelps have obtained a large default judgment against Wesley M. Holston.

**B**. **DISMISSAL STANDARD**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts

---

[1] The prior federal complaint sought a declaration that the insurers were not liable to the Phelps "for any judgment(s) they may obtain against the HOLSTONS" but defined "the HOLSTONS" in the introductory paragraph of the complaint as Joseph T. Holston and/or Ann M. Holston.

which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.  However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims.  At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)).  The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

**C. DISCUSSION**

Karen and Jesse Phelps contend that this case should be dismissed because 1) res judicata bars the claim, 2) the addition of Wesley Holston as a defendant constitutes laches, and 3) the court should abstain from hearing the case and allow the parties to proceed in state court. The court finds that defendants have not demonstrated that res judicata or laches applies to this case, or that abstention is appropriate.

**1. Res Judicata**

Defendants assert that the claims in this case are barred by the doctrine of res judicata because they could have been raised in the prior federal action. "Res judicata, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in

a previous suit between the parties that resulted in a final judgment on the merits." Sherrod v. School Bd. of Palm Beach County, 2008 WL 926400, * 1 (11th Cir. April 7, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)). However, it does not appear that the required elements are present for the application of res judicata. "A party seeking to invoke res judicata must satisfy four elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.' Id. (quoting In re Piper Aircraft supra).

In the instant case, plaintiffs assert that res judicata does not apply because a final judgment was not rendered on the merits and because the parties are not the same. The court agrees. The claim which defendants assert could have been raised in the prior federal action , is now asserted against Wesley Holston, who was not a party or in privity with any party in the prior federal suit. Moreover, there was no final judgment on the merits in the prior action. The prior action was dismissed without prejudice because the court found that there was no justiciable controversy. While, defendants assert that plaintiffs failed to timely add Wesley Holston as a defendant in the prior action, defendants have offered no authority for the application of res judicata on that basis. The elements required for application of res judicata have clearly not been met in this case.

**2. Laches**

Defendants argue that the untimely addition of Wesley M. Holston as a defendant constitutes laches. Laches is a common-law defense of "unreasonable delay or negligence in pursuing a right or claim -- almost always an equitable one -- in a way that prejudices the party

4

against whom relief is sought." BLACK'S LAW DICTIONARY 879 (7th ed. 1999).  In terminology that virtually mirrors the definition, the United States Supreme Court has stated that the laches defense "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 2077, 153 L.Ed.2d 106 (2002). Defendants have not shown that they suffered undue prejudice from the delay in bringing the claim against Wesley Holston.  Conclusory statements that defendants suffered prejudice are insufficient. See e.g. Meyers v. Asics Corp., 974 F.2d 1304, 1308 (Fed.Cir. 1992) ("Defendants also argue that they suffered evidentiary prejudice-loss of key witnesses and loss of documentary evidence. However, none of the defendants state exactly what particular prejudice it suffered from the absence of these witnesses or evidence. Conclusory statements that there are missing witnesses, that witnesses' memories have lessened, and that there is missing documentary evidence, are not sufficient.").   As the Sixth Circuit has explained:

> [L]aches does not result from a mere lapse of time but from the fact that, during the lapse of time, changed circumstances inequitably work to the disadvantage or prejudice of another if the claim is now to be enforced. By his negligent delay, the plaintiff may have misled the defendant or others into acting on the assumption that the plaintiff has abandoned his claim, or that he acquiesces in the situation, or changed circumstances may make it more difficult to defend against the claim.

Chirco v. Crosswinds Communities, Inc., 474 F.3d 227, 231 (6th Cir. 2007) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2946 at 117 (2d ed. 1995)).  Defendants have not asserted, much less demonstrated, that changed circumstances have inequitably disadvantaged or prejudiced the defendants.

   **3. Abstention**

Defendants assert that they can proceed in state court against Wesley Holston and against plaintiff as Holston's insurer under ALA. CODE § 27-23-2.[2] Defendants state that when they do so, they will name Wesley Holston as a defendant and that complete diversity will not exist because the Phelps and Wesley Holston are both citizens of Alabama. As such, defendants assert that the state court can decide the entire action and that this court could not. However, as plaintiffs point out, defendants would be free to assert a crossclaim in this action, without destroying diversity jurisdiction. See Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir. 1988) ("Once a court has jurisdiction over a main claim, it also has jurisdiction over any claim ancillary to the main claim, regardless of the amount in controversy, citizenship of the parties or existence of a federal question in the ancillary claim." (citations omitted)). Moreover, the Phelps have apparently not yet asserted such claims in state court. There is no parallel state court action which would call for this court to consider abstention. Therefore, the court will not abstain from asserting jurisdiction over this declaratory judgment action.

**D. CONCLUSION**

For the reasons stated above, the motions of Karen and Jesse Phelps to dismiss (Docs. 14,

---

[2] § 27-23-2 states the following:
Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

25) are **DENIED**.

   **DONE and ORDERED** this 27th day of October, 2008.

            /s/   Callie V. S. Granade
            CHIEF UNITED STATES DISTRICT JUDGE