IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY and AMERICAN NATIONAL GENERAL INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 08-00198-CG-M ) |
| WESLEY M. HOLSTON, et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on plaintiffs' motion for default judgment against defendant, Wesley M. Holston (Doc. 18), the objection to the motion by defendant Karen Phelps, individually and as mother and next friend of Tristin Phelps and Jesse Phelps, Jr., minors, and as mother and next friend and administratrix of the estates of Lindsey Phelps and Sadie Phelps, deceased (Doc. 19), and plaintiffs' reply (Doc. 24). After review of the allegations of the complaint, plaintiffs' motion and supporting exhibits, the court finds that plaintiffs are entitled to declaratory judgment regarding their direct obligations to Wesley M. Holston, but that their obligations with regard to the remaining defendants, although based on the defendants' state court judgment against Wesley M. Holston, has not yet been determined. As such, the court finds that the declaratory relief requested is too broad. Therefore court declines to enter any judgment until the underlying coverage issues raised by the Phelps' defense in this matter can be determined.

Default was entered by the Clerk against defendant Wesley M. Holston for failure to plead or otherwise defend on July 1, 2008. (Doc. 17). The effect of a default is that the defendant

1

admits the plaintiff's well-pleaded allegations of fact.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987).[1]  The complaint seeks a declaratory judgment regarding plaintiffs' obligations to Wesley M. Holston for judgments obtained by defendants Karen Phelps and Jesse Phelps in a state court action over an automobile accident involving Wesley M. Holston. Plaintiffs request that declaratory judgment be entered establishing the following:

> (1) that based on the terms, conditions, provisions, limitations, and exclusions of the policies, there is no coverage under the ANPAC policy or the ANGIC policy for claims arising out of the subject accident;
>
> (2) that neither ANPAC nor ANGIC has any obligation to apply any of the proceeds of the subject policies toward the satisfaction of the judgments entered against Wesley M. Holston;
>
> (3) that ANPAC is not liable to Karen or Jesse Phelps or to Wesley M. Holston for any amounts or claims arising out of the subject accident and/or that are the subject of judgments entered in favor of Karen and Jesse Phelps against Wesley M. Holston;
>
> (4) that all costs of this cause be taxed against the Defendants; and
>
> (5) for such other, further and different relief as to which the Plaintiffs may be entitled, the premises considered.

(Doc. 18, ¶ 6).  Defendant, Karen Phelps, objects to the requested default judgment against Wesley M. Holston on the basis that it is due to be dismissed for the reasons set forth in her previously filed motion to dismiss and because default judgment against Wesley M. Holston could prejudice her rights in a state court action.  However, Ms. Phelps' motion to dismiss has

---

[1] Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the court determines the amount and character of damages to be awarded. See 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 (3d ed.1998).  In the instant motion, plaintiffs do not seek damages, but instead seek a declaration as to their liability to the defaulted defendant.

now been denied and Ms. Phelps has not demonstrated how she will be prejudiced. Ms. Phelps states that "this action could be used to prejudice [her rights] in a State Court hypothecation action." (Doc. 19, ¶ 2). According to plaintiffs, no such state court action has yet been filed. Even if the Phelps defendants do file an hypothecation action, plaintiffs argue that the entry of a default judgment against Wesley Holston will not prejudice Ms. Phelps' rights regarding the coverage issues as they pertain to her. Plaintiffs cite case law which holds that injured third parties have standing to proceed against an insurer even though the insured has defaulted in the action. See e.g. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986) ("it would be error to hold that the default of the insured could foreclose the rights of injured parties"); Hawkeye-Security Ins. Co. v. Schulte, 302 F.2d 174, 177 (7th Cir. 1962) ("the default of these two defendants may not preclude [the injured third party's] right in this respect"). While such cases support plaintiffs' contention that they are entitled to default judgment, they also indicate that the default judgment against Wesley M. Holston does not preclude the Phelps from maintaining their defense in this action. Although Wesley M. Holston has admitted the factual allegations of the complaint by failing to defend, the Phelps have not admitted such facts. The court therefore cannot uniformly declare that Wesley Holston was not covered under the policy for the automobile accident at issue. Although Wesley Holston is effectively estopped from asserting coverage for the automobile accident, his failure to defend should not prejudice the injured third parties, who stand to benefit from any coverage, in presenting their case upon the ultimate issues. The Phelps are entitled to defend on the merits in this declaratory judgment proceeding and should not be bound by Wesley Holston's default.

      Under the circumstances, the court finds that the declaratory judgment plaintiffs request is

too broad. Any declaration that could be entered at this time would be so narrow that it would have little meaning. There is no indication that Wesley Holston is attempting or will attempt to recover from the plaintiffs under the policy. In fact, Wesley Holston's affidavit indicates he does not contest the underlying facts which support plaintiffs' claim that Wesley Holston was not covered by the policies of insurance for the accident. (Doc. 18, Ex. B). As stated above, and as argued by plaintiffs in their brief, a default declaration could not be used to prejudice the Phelps.[2] Thus, the court declines to enter any judgment at this time.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for default judgment is **DENIED**.

**DONE and ORDERED** this 28th day of October, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Wesley Holston's affidavit attesting to the underlying facts, on the other hand, may be appropriate evidence that would support plaintiffs' claims against the Phelps. However, the case is only before the court on a motion for default judgment against Wesley Holston and the parties have not been given the opportunity to present their case and fully respond to such evidence.