IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY and AMERICAN NATIONAL GENERAL INSURANCE COMPANY, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 08-00198-CG-M ) |
| WESLEY M. HOLSTON; KAREN PHELPS, individually and as mother and next friend of TRISTIN PHELPS, JESSE PHELPS, JR. and SADIE PHELPS, deceased; and JESSE PHELPS, individually and as father and next friend of TRISTIN PHELPS, JESSE PHELPS, JR. and SADIE PHELPS, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiffs' motion for summary judgment (Doc. 48) and the responses thereto of Karen Phelps and Jesse Phelps (Docs. 53, 54). This action seeks a declaratory judgment as to insurance coverage regarding an automobile accident that occurred on July 8, 2006. Default was entered in this case against defendant Wesley M Holston on July 1, 2008, and plaintiffs have moved for default judgment. (Docs. 17, 18, 39).

On March 30, 2009, this court directed that any party opposing plaintiffs' summary judgment must file a response in opposition on or before April 16, 2009. (Doc. 52). Defendants filed responses which state they have "been unable to marshal the evidence and law needed to put up a good faith opposition to the Plaintiffs' motion, and thus will not be filing any additional motions or evidence in response to the same." (Docs. 53, 54).

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to

1

avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiffs' motion, the court, after reviewing the pleadings in this case, concludes that judgment is due to be entered in plaintiffs' favor.  All defenses asserted by defendants have been abandoned.  Therefore, plaintiffs' motion for summary judgment (Doc. 48) is hereby **GRANTED** and Declaratory Judgment will be entered by separate order.

**DONE and ORDERED** this 22nd day of April, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE